McCORD, Judge.
This is an appeal from judgment and sentence of appellant upon a plea of nolo contendere to possession of hashish, appellant having reserved the right to appeal the trial court’s denial of his motion to suppress. Appellant contends the seizure of the hashish was the result of an unreasonable search and seizure.
A search warrant was issued to search the mobile home in Pensacola, Florida, of one Robert Miller and to “also search any persons suspected of or known to be involved in drugs or any vehicle operated by any person known or suspected to be involved in drugs.” The issuance of the warrant had been predicated upon a recent buy of marijuana from the premises by Deputy Cardwell of the Escambia County Sheriff’s Department and a confidential informant.
Several deputies participated in the search which resulted in the arrest of several persons including appellant. The officers arrived at the mobile home, were admitted by Miller and proceeded to conduct the search. Deputy Weaver, in answer to a question as to what they found, testified:
“All right, now, what I actually saw as it was discovered, the marijuana and the preparation — I said preparation materials, scales to weigh the stuff in minute grams and ounces, a real sophisticated set of scales, and probably over a pound of marijuana, a bunch of these little plastic, what we call in our trade, baggies, and the facilities for taking a large amount of marijuana and bagging it up into what we call little baggies was in the far end room facing south, the south end of the trailer, the room on the south end of the trailer, the next room being what I would consider the living room of the trailer had a little cylinder type thing that had been just — it looked like repeated little what we call roaches of marijuana cigarettes just popped in it like they had been saving them for some reason or other. This was in the living *797 room. There was a small box, jewelry box or some type of small box, sitting on the rug under a coffee table. This contained numerous speed pills, a small plastic baggie of at the time to me it was undetermined, a white powder substance, it had had, if I am not mistaken it also had the syringe, I believe there was a syringe in the little jewelry box
Also during the course of the search, several telephone calls were received for Miller which were answered by the officers, one of them being from a person who gave his name as Charles and asked for Miller. The deputy told him Miller was busy at the time and the caller said he would be over in about half an hour. Deputy Weaver was at the door receiving people who came to the trailer during the search. He testified that he was watching the door “because after two or three people entered it was quite evident that it was a pretty busy trailer and I stood at the door and let other people come up to the door and knock and then I gave them entrance.” The officers could not fully establish how many people came to the trailer but several who came were permitted to leave because of their age. The persons of the others who came, except the women, were searched and the women’s handbags were searched. After several people had come to the door, appellant Charles Earnest arrived. Deputy Smith testified that he was observing through a window when he saw appellant arrive in a truck, saw him put some peaches in a brown paper bag and then proceed to the mobile home’s entrance. There is conflict between the testimony of the deputies as to just what happened next in relation to appellant, but Deputy Smith testified that he opened the door for appellant and showed him his badge and “he handed me his brown paper sack.” Other testimony indicated Deputy Smith took the bag from him. After obtaining the bag, Smith found it to contain over a pound of hashish, and he then arrested appellant on the charge to which he pled nolo contendere.
Appellant contends the manner in which Deputy Smith acquired the bag was an unlawful search, it being neither a search which was consented to nor a search incident to a lawful arrest nor a search authorized by a search warrant. We agree that it was a search without consent and not incident to a lawful arrest but disagree that it was not authorized by the warrant. With the information the officers had, which had been the basis for the issuance of the warrant, plus the contraband and paraphernalia they found upon entering the trailer, plus the fact that several persons had come to the trailer before the appellant arrived and several phone calls had been received, the officers had every reason to believe that the mobile home was being used for trafficking in illegal drugs and had every reason to suspect that appellant when he arrived was involved in drugs. The warrant specifically authorized the search of such a person.
Affirmed.
RAWLS, C. J., and JOHNSON, J., concur.